THE STATE v. CROWELL, Appellant.

Division Two, May 9, 1899.

|149  391|
|d159 351|

1. **Robbery:** PUTTING-IN FEAR: INSTRUCTION AS TO FORCE.    Where an indictment, under Revised Statutes 1889, section 3530, alleges a robbery from a person by putting him in fear, it is error to charge to find defendant guilty if he robbed by force and violence to the person.

2. ——: ALIBI: SNEERING AT DEFENSE.    It is error to instruct "that though an alibi may be a well-worn defense, yet it is a legal one, to the benefit of which the defendant is entitled," as the court should not disparage such defense.

*Appeal from Barry Circuit Court.*—Hon. J. C. Lamson, Judge.

Reversed and remanded.

J. S. Davis and I. V. McPherson for appellant.

(1). The indictment herein charges that the robbery was committed "in the presence and against the will" of the owner by putting him "in fear of some immediate injury to his person." Instruction numbered 1 told the jury that if they found that the robbery was "from the person and against the will by force and violence to the person," they should convict. Section 3230, R. S. 1889; State v. Montgomery, 109 Mo. 645. The defendant could only be tried on the issues tendered by the indictment, and the instructions should have been limited to the charge contained in the indictment; for an instruction that is broader than the indictment should not be given. 1 Bishop's Crim. Proc. (3 Ed.), sec. 978; State v. Smith, 119 Mo.439; State v. West, 21 Mo. App. 309; Noll v. Overhellmann, 20 Mo. App. 336. This instruction authorized a conviction on a ground not charged in the indictment. (2) Instruction numbered 5 was given for the State over defendant's objection and is erroneous for the reason that it cast suspicion upon the defense of alibi. It is erroneous to disparage the defense of alibi in instructions by the use of words which prejudice the minds of the jury against the evidence introduced by defendant to establish an alibi or which tend to cast suspicion upon the defense. 11 Ency. of Plead. and Prac., p. 360; Albin v. State, 63 Ind. 578; Sater v. State, 26 Ind. 378; State v. Jaynes, 78 N. Car. 504; Casey v. State, 49 Neb. 403; Walker v. State, 37 Tex. 366; State v. Chee Gong, 16 Ore. 534. It was the duty of the court to instruct the jury on the question of alibi, that is, if they had a reasonable doubt of the defendant's presence

at the time and place of the commission of the offense charged they should acquit him. State v. Harvey, 131 Mo. 339; State v. Sidway, 74 Mo. 390; R. S. 1889, sec. 4208; State v. Taylor, 118 Mo. 153. This was especially true in this case. The defendant asked the court to instruct the jury on the law of alibi. If this instruction asked by him was erroneous the court should have given one which was correct and failure to do so was prejudicial error. State v. Taylor, 118 Mo. 153.

EDWARD C. CROW, Attorney-General, and SAM B. JEF-FRIES, Assistant Attorney-General, for the State.

(1) That the court erred in giving instruction number 1 is charged by the defendant as grounds for reversal of this case. An examination of the motion for a new trial will show that no objection was made to this instruction in that document, and the defect, if there be one, in this instruction was not called to the attention of the trial court in the motion. It is a well-settled rule of this court, that all errors relied upon by the defense before the appellate court must be first called to the attention of the trial court in a motion for a new trial, and when such is not done no notice will be given them. State v. Sacre, 141 Mo. 69; State v. Albright, 144 Mo. 638; State v. Cantlin, 118 Mo. 100. (2) Upon the instructions given on the question of an alibi, the defendant makes an objection because the court used the expression, "though alibi may be a well worn defense, it is yet a legal one." It is insisted that by the words "may be a well worn defense," the defendant was prejudiced. While it may not have been necessary for the court to use these terms, yet, in it we see no reversible error; there is nothing that has a tendency to prejudice the defendant or do him harm. It can only be regarded as surplusage in the instructions, and of course will be passed by both court and jury unobserved, so far as any technical or legal effect is concerned. No error

was committed in refusing the instruction offered by the defendant on the question of an alibi, for the reason that the court had already given all the instructions that were necessary upon this subject.

SHERWOOD, J.—Defendant was indicted for robbery in the first degree, convicted and his punishment assessed at five years imprisonment in the penitentiary. There was testimony to warrant the verdict.

1. The first instruction given at the instance of the State, was this: "The Court instructs the jury that if you find and believe from the evidence in this case, beyond a reasonable doubt, that at the county of Barry in the State of Missouri, at any time, within three years next before the finding of the indictment herein, to wit: on the 21st day of October A. D. 1897, the defendant, Edward Crowell, either alone or with another in and upon witness, J. A. Roller, did make an assault and any money of any amount or any value whatever of the property of witness, J. A. Roller, from the person and against the will of said J. A. Roller, then and there by force and violence to the person of said J. A. Roller, did rob, steal, take and carry away, with a felonious intent to deprive the owner of his property and to convert it to a use other than that of the owner or without his consent, and without any honest claim to it on the part of the taker, you will find the defendant guilty as charged in the indictment, to wit: of robbery in the first degree and assess his punishment at imprisonment in the penitentiary for a term of not less than five years."

The following is the section under which the indictment is drawn: "Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his

person, shall be adjudged guilty of robbery in the first degree." R. S. 1889, sec. 3530.

It will be noted that under this section robbery in the first degree may be perpetrated in either of two ways, first by violence to the person, or, second, by putting such person in fear of some immediate injury to his person. The statute is in the disjunctive. [State v. Broderick, 59 Mo. 318; State v. Stinson, 124 Mo. 447.]

The indictment in this instance charges: "In and upon one James A. Roller, unlawfully and feloniously did make an assault, and forty-seven dollars and eighty-five cents, good and lawful money of the United States of the value of forty-seven dollars and eighty-five cents, the money and property of the said James A. Roller, in the presence and against the will of the said James A. Roller, then and there by putting said James A. Roller in fear of some immediate injury to his person, feloniously did rob, steal, take and carry away, against the peace and dignity of the State."

So that while the indictment counts on putting Roller in fear of some immediate injury to his person, the instruction quoted counts on force and violence to the person of Roller. There is therefore a marked difference between the charge in the indictment and the instruction mentioned; the former bottomed on fear, the latter on violence.

It is true that if the fact be laid to be done violently and against the will, the law *in odium spoliatoris* will presume fear (State v. Stinson, *supra;* State v. Lawler, 130 Mo. 366); yet it does not thence follow that if you charge fear, that the law will presume violence.

The proper exception was saved to giving the instruction referred to, and the same ground was urged in the motion for a new trial, as appears in the brief filed on behalf of the State.

2. ' Instruction number 5 given on behalf of the State was also excepted to by defendant and such exception pre-

served in the motion for a new trial. That instruction reads: "The court instructs the jury that though an alibi may be a well worn defense, yet it is a legal one, to the benefit of which the defendant is entitled," etc. There was error in giving this instruction as the court is not permitted to disparage the defense of an alibi or to refer to it in a slighting or sneering manner; evidence in regard to an alibi is to be tested and treated just like evidence offered in support of any other defense, insanity, self-defense, etc. [1 Bishop New Crim. Proc., sec. 1062; Sater v. State, 56 Ind. 378; Walker v. State, 37 Tex. 366; Albin v. State, 63 Ind. 598; State v. Gong, 16 Ore. 534; 11 Ency. Plead. and Prac. 360 et seq., and cases cited.]

3. Other points might be commented upon, but it is deemed unnecessary to so do, as the errors complained of may not again occur.

For the errors aforesaid, the judgment is reversed and the cause remanded. All concur.