State v. William Clinton Smith, Appellant.—No. 40387.—212 S. W. (2d) 787.

Division One, July 12, 1948.

(1)

*Geo. L. Vaughn* for appellant.

*J. E. Taylor*, Attorney General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney General, for respondent.

[788] DOUGLAS, P. J.—William Clinton Smith was sentenced to ten years in the penitentiary for first degree robbery for taking

a wallet while armed with a knife from David Matthews. He had a fair trial, and the sentence must be affirmed.

■ Matthews was walking along Warne Avenue in St. Louis between 12:15 A. M. and 12:30 A. M. on February 16, 1945. As he approached the alley between Kennerly and Lincoln Avenues he noticed two men standing in the mouth of the alley under a street light. He passed them. After he passed them one of them walked by him, turned and pushed a gun in his stomach and demanded his money, threatening to shoot him. The other, identified as the defendant, stepped behind him and put a knife against his neck, warning him that if he moved he would cut his head off. Defendant took Matthews' wallet from Matthews' hip pocket. Matthews stepped forward and struck the man with the gun. As he did defendant lunged at him and cut the lobe of his ear with his knife. Then defendant and his companion ran away.

Matthews called the police, reported the incident and described his assailants. Their descriptions were broadcast over the police radio.

At about 3:00 A. M. of the same morning a police officer recognized the two men as they were walking east on West Pine Boulevard near Sarah Street, about three miles from the place of the robbery. As they approached the officer one threw away a revolver, the other, the defendant, an open knife. They were arrested, and taken to the police station where Matthews, at about 4:00 A. M., identified them as the robbers who had held him up.

Matthews had reported to the police the gun used in the holdup was a 32 calibre nickel plated revolver. The gun recovered by the police was a nickel plated revolver with a bullet in the cylinder under the firing pin.

Matthews testified he had a good look at the two men. Because of the lateness of the hour he had looked at them intently. Although the night was misty the street light at the mouth of the alley provided sufficient light for him to see them clearly. When the first one stepped past him Matthews turned his head momentarily and saw defendant approaching with the knife.

The evidence on the identification of defendant as the robber with the knife was sufficient to support the verdict.

■ Defendant offered an instruction which singled out the question of the identification of defendant.

It stated: "The court instructs the jury that, if you find and believe from the evidence in this case that David Matthews was assaulted and robbed on the 16th day of February, 1945, then it will still be necessary for the jury to determine that this defendant is the person who committed said assault and robbery, if you so believe, and in that regard the question of the identity of the person who was present at the time and place of said assault and robbery is vital in the determination of the guilt or innocence of this defendant. And,

in determining whether or not the defendant is the person who was present at said time and place, and taking part in said assault and robbery, you should take into account the facts and circumstances surrounding the same, including the time of day or night, the condition of the weather, and the likelihood of the person assaulted and robbed to be mistaken as to the identity of the person making the assault upon him.''

The court properly refused the instruction as it constituted merely an argument on the evidence.

[789] The main instruction required the jury to believe beyond a reasonable doubt that defendant committed the robbery. That was sufficient, and fully protected defendant on the issue of identification. Unless the jury believed beyond a reasonable doubt that the defendant was the person who committed the robbery it could not have found him guilty under that instruction. The cases of Asher v. Commonwealth, 221 Ky. 599, 299 S. W. 203; People v. Garbaciak, 306 Ill. 254, 137 N. E. 832; and People v. Radcliffe, 232 N. Y. 249, 133 N. E. 577 have ruled the same way on this question.

Defendant's defense was an alibi. He offered an instruction on alibi which contained the sentence: ''You are further instructed that this [alibi] is a good defense in law when established to the satisfaction of the jury.'' This instruction was refused but the trial judge gave a proper one of his own, similar in many respects except it omitted the above quoted sentence. ·Defendant attempted to have the judge insert such sentence in the instruction given. He was unsuccessful, and claims the judge's refusal to do so was erroneous.

The fact a proper instruction on alibi was given was sufficient in itself to inform the jury that such a defense ''is a good defense in law.'' For the court to make such .a pointed statement in an instruction might bring about just the opposite result from the one intended, and arouse suspicion about the veracity of the alibi. Furthermore, it might be argued that such a statement might emphasize a popular belief that alibi is a defense commonly resorted to with dishonesty.

The rule is now well settled that an instruction which tends to disparage an alibi as a defense is erroneous. We held an instruction which stated: ''The court instructs the jury that although an alibi may be a well worn defense, yet it is a legal one, to the benefit of which the defendant is entitled, etc.'' was prejudicial because it characterized an alibi as a ''well worn'' defense. State v. Crowell, 149 Mo. 391, 50 S. W. 893. And see State v. Shafer (Mo.), 108 S. W. (2d) 360; State v. Taylor, 118 Mo. 153, 24 S. W. 449. Moreover, the proffered statement in this case would have been erroneous if construed to place a burden of proving it upon defendant at the peril of conviction, rather than merely raising a reasonable doubt as to defendant's guilt. In State v. Hubbard, 351 Mo. 143, 171 S.

6

W. (2d) 701 we criticized an alibi instruction on that ground which stated: "The Court instructs the jury that such defense is as proper and as legitimate, *if proved*," etc. (our emphasis). We pointed out the phrase "if proved" indicated improperly the defendant had the burden of proving the alibi in order to establish this innocence. The court's refusal to instruct the jury as requested in this case was proper.

The evidence that defendant threw away his knife just before he was apprehended by the police officer was properly admitted. It was not incompetent on the ground it tended to convict defendant of a separate offense since it had probative value in connecting him with the crime for which he was being tried. Evidence which shows the defendant possessed, or had access to articles or weapons with which the crime was committed is relevant under one of the exceptions to the general rule that the state is not ordinarily allowed to show other offenses. State v. Hawley (Mo.), 51 S. W. (2d) 77; State v. Higginbotham, 335 Mo. 102, 72 S. W. (2d) 65; State v. Krebs, 341 Mo. 58, 106 S. W. (2d) 428.

Other complaints about the conduct of the trial and of the prosecuting officials are not sustained by the record or preserved for review. The jury were fully and properly instructed on all the issues in the case.

The judgment is affirmed. All concur.