STATE OF MISSOURI, Respondent, v. JOHN RAYMOND EAVES, Appellant, No. 42545—243 S. W. (2d) 129.

Division Two, November 12, 1951.

*Cecil Block* for appellant; *Louis E. Zuckerman* of counsel.

*J. E. Taylor,* Attorney General, and *A. Bertram Elam,* Assistant Attorney General, for respondent.

■ TIPTON, J.—In the circuit court of the city of St. Louis the appellant was charged with five prior convictions of felonies and robbery in the first degree by means of a deadly and dangerous weapon. Upon trial he was convicted as charged and sentenced to life imprisonment in the state penitentiary.

■ ■ On the afternoon of January 31, 1949, a robbery occurred in the home of Warren Glenn, located at 5015 South Kingshighway in St. Louis, Missouri. Just before the robbery a man carrying a bag containing bread and some groceries was seen coming up the front steps of the house where the robbery occurred. He gained entrance by ringing the door bell and was admitted by one of the occupants, Alice Hunter. He followed her back to a room where there were members of the family and some guests, in all, eight or nine persons. As he followed Alice Hunter, she yelled, "What's the matter with this man, is he crazy?" With a gun in his right hand, he compelled all those present to go into the kitchen and sit there with their hands over their eyes. He went into the bedroom and while there took from the purse of Jerry Sneed, a guest, $250.00.

At the trial he was positively identified by Warren Glenn, Myrtle Berberich and Jerry Sneed as the person who committed the robbery. Other witnesses who were present testified they thought the appellant was the man who committed the robbery, while the remainder of the persons who were present during the robbery were unable to identify him.

There was evidence that appellant had driven his family to Cedar Hill that afternoon. There was substantial evidence that he was insane, in fact, he had been confined for about a year to the State Hospital for the Insane at Fulton, Missouri.

We cannot say that the state's evidence is inherently incredible, self-destructive or opposed to known physical facts; therefore, we must hold that there is substantial evidence to support the jury verdict of guilty of robbery in the first degree with a dangerous and deadly weapon. State v. Gregory, 339 Mo. 133, 96 S. W. 2d 47.

■ Appellant contends that the court erred in giving instruction No. 4, which was an insanity instruction. The first part of this instruction reads: "In this case insanity is interposed by the defendant's counsel as an excuse for the charge set forth in the amended information: * * *." Appellant contends that the above quoted part of the instruction is misleading and disparaged the defense of insanity.

The state relies on the following cases to show that this part of the instruction is not erroneous: State v. Duestrow, 137 Mo. 44; State v. Holloway, 156 Mo. 222, 56 S. W. 734; State v. Paulsgrove, 203 Mo. 193, 101 S. W. 27; State v. Barbata, 336 Mo. 362, 80 S. W. 2d 865; State v. Murphy, 338 Mo. 291, 90 S. W. 2d 103; and State v. Hardy, 359 Mo. 1169, 225 S. W. 2d 693. The opinions in the first three cases relied upon by the state show that the instructions on insanity contain almost the identical language complained of by the appellant, but evidently no such complaint as is made here was raised because none of the three cases discusses such a question. The opinions in the last three cases relied upon by the state do not show whether the instructions contained the language complained of by the appellant in this case. At any rate, none of the above cases discusses the question raised here.

The rule is now settled that an instruction which tends to disparage a legal defense is erroneous. State v. Smith, 358 Mo. 1, 212 S. W. 2d 787. In the case of State v. Crowell, 149 Mo. 391, l. c. 396, 50 S. W. 893, 73 Am. St. Rep. 402, the instruction read, "The court instructs the jury that though an alibi may be a well worn defense, yet it is a legal one, to the benefit of which the defendant is entitled." In ruling the case, we said: "There was error in giving this instruction as the court is not permitted to disparage the defense of an alibi or to refer to it in a slighting or sneering manner; evidence in regard to an alibi is to be tested and treated just like evidence offered in support of any other defense, insanity, self-defense, etc."

We think the words, "by the defendant's counsel as an excuse," used in this instruction tend to disparage appellant's plea of insanity. The use of the words, "as an excuse," is unfortunate. Of course, strictly speaking, they mean "as a defense," and those words should have been used. In the case of State v. Liolios, 285 Mo. 1, 225 S. W. 941, l. c. 948, it was ruled that the ▮▮▮ words, "by appellant's counsel," "might readily be understood by the jury in a sense highly prejudicial to the appellant" and held to be "unfortunate" both in that case and in the case of State v. McCann, 329 Mo. 748, 47 S. W. 2d 95. In both of those cases, temporary insanity at the time of the commission of the crime was interposed as a defense. Both of those cases were reversed on other grounds but the opinions stated that on another trial the expression, "by defendant's counsel," might well be omitted.

In ruling the Liolios case, we said (225 S. W. l. c. 948):

"Whatever might be said about the propriety of such a statement in an instruction in a case where present insanity at the time of the trial is presented as a defense, as in State v. Duestrow, 137 Mo. 44, loc. cit. 69, 38 S. W. 554, 39 S. W. 266, where such an instruction was given, we think it an unnecessary and unfortunate expression in a

case, such as the present, where temporary insanity at the time of the commission of the crime charged is interposed as a defense.''

We have already stated that the Duestrow case, supra, did not discuss this question. In fact, in regard to the instructions in that case, all the court said was as follows (137 Mo. 1. c. 88):

''The instructions, fifteen in number, fully covered every phase of the case and left nothing to be desired. They embraced all the issues presented by the allegations of the indictment and the testimony. They are approved by many decisions of this court. One of the instructions in regard to insanity, as pointed out in the brief of counsel for the state, has received our frequent approval; the clause complained of in the instruction is the following: 'To entitle the defendant to a verdict of not guilty by reason of his insanity, the law requires him to prove it; not, however, beyond a reasonable doubt, but only to your reasonable satisfaction.' As the instructions will accompany this opinion, it is deemed unnecessary to quote them at length.''

We think it not only unfortunate but error for a court to use the words, ''by defendant's counsel,'' in an instruction on insanity, whether the insanity be present or temporary insanity. It tends to disparage a legal defense of insanity when made in good faith. If there is evidence of insanity, it is the duty of the trial court to properly instruct the jury on that issue. Section 546.070, R. S. Mo., 1949.

Instruction No. 4, among other things, told the jury that:

''The law presumes every person who has reached the years of discretion to be of sound mind, and this presumption continues until the contrary is shown. So that when, as in this case, insanity is pleaded as a defense to a criminal charge, the fact of the existence of such insanity at the time of the commission of the act complained of, must, before you can acquit on that ground, be established by the evidence to your reasonable satisfaction, and the burden of proving this fact rests with the defendant.

''To establish the insanity of the defendant, positive or direct proof of it is not required. To entitle him to an acquittal by reason of his insanity, circumstantial evidence, which reasonably satisfies your mind of its existence, is sufficient.

''The law presumes the defendant innocent, and the burden of proving him guilty rests with the State, and, before you should convict him, his guilt must be established beyond a reasonable doubt. On the other hand, to entitle the defendant to a verdict of not guilty, by reason of his insanity, the law requires him to prove it, not, however, beyond a reasonable doubt, but only to your reasonable satisfaction.''

This instruction is almost identical with the instruction in the case of State v. Barton. 361 Mo. 780, 236 S. W. 2d 596, decided by this court en banc on February 12, 1951. The instruction was held

676

erroneous in that case. We hold that instruction No. 4 imposed upon the appellant a higher degree of proof than the law requires.

We disagree with the state's contention that this point was not properly preserved in its motion for a new trial. The motion for a new trial, in effect, states that the instruction is prejudicial because it tends to place an undue burden upon appellant and prejudicially emphasizes that insanity must be established by the evidence to the jury's satisfaction.

The appellant contends that instruction No. 3, which was an alibi instruction, is erroneous. There was no complaint of this instruction in appellant's motion for a new trial and, therefore, this question is not before us. State v. Breeden, 180 S. W. 2d 684.

The appellant contends that the trial court erred in admitting in evidence the records of the Hospital for the Insane at Fulton, Missouri, which tended to show that he had been admitted to that hospital because he was found not guilty of a criminal charge in 1938 because of his insanity and was discharged from that hospital after being incarcerated there only seven months. These hospital records were not made a part of the record for our consideration. If counsel desired this Court to pass upon the admissibility of such exhibit he must incorporate it in the bill of exceptions or he may, by agreement, file this exhibit with the clerk of this Court. State v. Farrar, 285 S. W. 1000.

Appellant also contends that the cross-examination of his mother in reference to his criminal trial in 1938 and his incarceration in the Hospital for the Insane at Fulton was prejudicial error. The record shows that appellant made only one objection during her cross-examination and the court sustained that objection. Therefore, under this record he has failed to preserve it for our review.

For the errors in giving instruction No. 4, the judgment of the trial court is reversed and remanded for a new trial. All concur.