## STATE v. JOHNSON.

### No. 43898.

Supreme Court of Missouri.

Division No. 1.

May 10, 1954.

Everett E. Teel, Nevada, for appellant.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant-appellant James Burl Johnson was charged by information with prior conviction of four felonies under the Habitual Criminal Act, Section 556.280 RSMo 1949, V.A.M.S., and with the offense of forcible rape, Section 559.260 RSMo 1949, V.A.M.S. Upon trial, he was convicted of rape as charged and his punishment was assessed at thirty years in the State penitentiary.

The conviction was supported by substantial evidence tending to show that defendant at nighttime and at the point of a pistol abducted four young women, forced them to drive an automobile to a secluded place near Lamar, and there forcibly ravished three of them.

Defendant interposed the defense of insanity, and there was substantial evidence introduced tending to show that he was insane. He had been adjudged insane and committed to a state hospital according to law by the Probate Court of Ramsey County, Minnesota, July 7, 1943; and a physician, experienced in the treatment of mental patients, testified that defendant is now of unsound mind.

In advising the jury as to the law of the case, particularly with reference to the defense of insanity, the trial court gave Instruction No. 5, in part, as follows, "The court instructs the jury that insanity is interposed by the counsel of the defendant as an excuse for the charge set forth in the information * * *." And the trial court gave Instruction No. 7 containing the following sentence, "* * * On the other hand, to entitle the defendant to a verdict of not guilty, by reason of his insanity the laws require him to prove it,—not, however, beyond a reasonable doubt, but only to your reasonable satisfaction."

As was said in State v. Eaves, 362 Mo. 670, 243 S.W.2d 129, 130, we think the words "by the counsel of the defendant as an excuse" used in Instruction No. 5 "tend to disparage" defendant's "plea of insanity." The rule is now settled that an instruction which tends to disparage a legal defense is erroneous. State v. Eaves, supra; State v. Smith, 358 Mo. 1, 212 S.W.2d 787; State v. Crowell, 149 Mo. 391, 50 S. W. 893. The use of the words "as an excuse," strictly speaking meant "as a defense," and the latter words should have been used. The use of the words "by the counsel of the defendant" might readily be understood by the jury in a sense highly prejudicial to defendant. State v. Eaves, supra; State v. McCann, 329 Mo. 748, 47 S.W.2d 95; State v. Liolios, 285 Mo. 1, 225 S.W. 941. Although there have been rulings to the contrary (State v. Weagley, 286 Mo. 677, 228 S.W. 817; State v. Murrell, Mo.Sup., 169 S.W.2d 409), such use of

such language is now held to be not only unfortunate but erroneous in an instruction on insanity. The words tend to disparage the legal defense of insanity when made in good faith. If there is evidence of insanity, it is the duty of the trial court to properly instruct the jury on that issue. Section 546.070 RSMo 1949, V.A.M.S.; State v. Eaves, supra.

This court in the case of State v. Eaves, supra, also considered an instruction (Instruction No. 4 in that case) containing the identical language quoted supra from Instruction No. 7, given by the trial court in the instant case, advising that defendant was required to prove his insanity *to the reasonable satisfaction of the jury.* The Instruction No. 4, given in the Eaves case, was held erroneous and the judgment of the trial court was reversed on the authority of State v. Barton, 361 Mo. 780, 236 S.W.2d 596. The instruction imposed upon the defendant a higher degree of proof than the law requires. State v. Barton, supra; State v. Eaves, supra. But, under the existing law of this state, the defendant still has the burden of proving the defense of insanity by a preponderance of the evidence. State v. Barton, 363 Mo. 991, 255 S.W.2d 752.

It is conceded by the State that Instructions Nos. 5 and 7, considered by themselves, were erroneous, but the State urges that all instructions given by the court must be read as an entire charge in order to determine their propriety (State v. Martin, 364 Mo. ——, 260 S.W.2d 536); and the State directs our attention to instructions given by the trial court at defendant's request—Instruction No. 13 advising the jury that if the jury found from the evidence that defendant had made any statements when he was not of sufficient mind and memory to understand or comprehend what he was saying, then the statements should not be considered by the jury; Instruction No. 14 advising the jury "that if the evidence shows to the reasonable satisfaction of the jury that the defendant was insane, at the time of the alleged rape, then, in such case, he is not under the law guilty, and the jury should acquit him on the ground of insanity"; Instruction No. 15 advising the jury that "to establish insanity as a defense, positive or direct testimony is not required nor is it necessary to establish this defense beyond a reasonable doubt. It is sufficient if the jury is reasonably satisfied by the weight or preponderance of the testimony that the accused was, at the time he committed the act, incapable of distinguishing between right or wrong"; Instruction No. 16 advising the jury that if the jury believes from the evidence "that the defendant was insane or of unsound mind at any time or times prior to the rape charged in the information, with lucid intervals or partially lucid intervals or periods of which the defendant knew right from wrong, then in that case, it devolves upon the state to prove by a preponderance of the evidence given in the case that at the time the rape occurred defendant was at the time in one of his lucid or partially lucid intervals or periods"; and Instruction No. 17 advising the jury that if the jury entertained a reasonable doubt upon any material fact constituting the offense charged in the information, then the defendant was entitled to the benefit of that doubt and it was the jury's duty to find the defendant not guilty.

The State contends Instructions Nos. 13, 14, 15, 16 and 17 are very broad and exceedingly favorable to defendant; and upon reading them along with all the other instructions given, no jury could possibly entertain the view that insanity was not a good defense or refuse to give the defendant the benefit of any doubt that arose in the case under the evidence adduced. We further observe that Instructions Nos. 14 and 15, given at defendant's request, also contained advice to the effect that defendant's insanity should be established to the reasonable satisfaction of the jury. And we have noted that defendant made no objection to Instructions Nos. 5 and 7 when the instructions were given, although defendant with particularity assigned errors in giving the instructions in his motion for a new trial.

It is not necessary to further discuss the errors in Instructions Nos. 5 and 7, nor is

it necessary to determine whether such errors were cured by the other instructions given, or whether defendant waived the errors, or failed to preserve the points of error for review. However, upon retrial, it is important to note that instructions should not be given which include the erroneous language of Instructions Nos. 5 and 7 as quoted supra.

We now turn to the contention of defendant-appellant that argument on the part of counsel for the State was prejudicial, and that the trial court's action in overruling defendant's objection thereto was reversible error.

As we have said, defendant had been adjudged insane in Minnesota in 1943. The authenticated copies of the adjudication and commitment were introduced into evidence, but there was no evidence relating to defendant's discharge. In argument, defendant's counsel had urged defendant's defense of insanity. · In conclusion defendant's counsel said,

"Gentlemen, I thank you again for your patience. I hope you see this thing like I do. I ask you to bring in a verdict of not guilty by reason of insanity. Incidentally, a verdict like that means that the court immediately commits him to the State Institution at Fulton, Missouri, and he is confined there in that State Institution."

In his rebuttal argument, counsel for the State urged as follows,

"Gentlemen, let's just look at this situation for a moment. Let's look at the situation here and see what it resolves itself into. Here is a man coming down from St. Paul, Minnesota, to Southwest Missouri to commit a crime. Then here he comes before this jury and says: 'Why, I can't be convicted. I can't be punished. Of course I raped a hundred girls but I can't be punished because in 1943 up in the State of Minnesota I was sent to a hospital and therefore you can't do anything to me. I am beyond you. You can't send me to the penitentiary.'

"All right, when you go into your jury room, you say in your verdict: 'All right,

Mr. Johnson, you are smarter than we are down here in Missouri. You allowed yourself to be incarcerated up there and now we can't convict you so we will just say that you are not guilty by reason of insanity. We will send you to a hospital for the insane.' Now what is the result of that, gentlemen? They brought the record in here of his incarceration once before, in 1943, and what happened after that. He was down in Southwest Missouri and took four girls out and raped three of them. What good would it do you gentlemen to send him—to find him not guilty by reason of insanity and send him to another hospital, he would be out in two months—

"Defendant's Counsel: Just a moment. If the Court please, I object to that line of argument about what would be done afterwards as being highly prejudicial. I now ask at this time that this jury be discharged on account of such argument.

"The Court: Objection overruled."

■ The argument of counsel for the State culminating in his telling the jury defendant would be out in two months was urged without reference to the jury's consideration of the evidence tending to prove or disprove that defendant was insane. The argument was used in such a way as to urge the jury to convict defendant even though the jury may have believed from the evidence that defendant was insane. In effect the whole of the quoted argument tended to incite the jury, in making their choice between conviction and acquittal on the ground of insanity, to ignore defendant's legal defense of insanity and the evidence in support or refutation thereof and to convict, and to ignore and disparage (although the jury may have believed defendant was insane), the law making provision for the jury's findings when a defendant is acquitted on the sole ground of his insanity, Section 546.510 RSMo 1949, V.A.M.S. And, in support of the argument to convict, State's counsel was attempting to engender in the minds of the jurors the fear that if defendant were acquitted on his defense of insanity, defendant would be soon discharged to rape again.

We are of the opinion that the quoted argument of State's counsel was not in legitimate retaliation to the argument of defendant's counsel quoted supra; and we believe that the trial court's failure to sustain the objection of defendant's counsel and to take proper action to purge the prejudicial effect of such argument was reversible error.

The judgment should be reversed, and the cause remanded.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.