**STATE of Missouri, Respondent,**

v.

**James Burl JOHNSON, Appellant.**

No. 47939.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

No appearance for appellant.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for respondent.

HYDE, Judge.

This is a proceeding under Rule 27.26, V.A.M.R., to vacate judgment and sentence of 40 years' imprisonment for rape entered on the verdict of a jury assessing such punishment (See Sec. 559.260; statutory references are to RSMo and V.A.M.S.). The court overruled defendant's motion to vacate and he has appealed seeking review under Rule 28.05.

Defendant's motion stated that in June 1953 he was convicted of rape and sentenced to 30 years' imprisonment, which was thereafter reversed and remanded for new trial. State v. Johnson, Mo.Sup., 267 S.W.2d 642, 44 A.L.R.2d 973. Thereafter, in November 1954, defendant was again tried on the same charge, found guilty by a jury which assessed his punishment at 40 years' imprisonment. In both trials, defendant was represented by counsel selected and paid by him. Although in this case the court issued a writ of habeas corpus ad testificandum to the warden of the penitentiary subject to defendant paying the cost of transportation as provided by Sec. 532.120, defendant did not comply with this order

and was not present at the hearing on his motion.

Defendant's motion stated as grounds for vacation of sentence that his counsel "misled and inveigled movant to ignorantly waive his (then) unknown statutory right of appeal." Defendant's motion stated that immediately on return of the verdict he "expressed his desire to once more appeal his conviction" but that his counsel said: "You are only allowed one reversal on appeal in any case. I don't intend to be appealing this case the rest of my life. You haven't any more money for me. I'm washing my hands of this case." Defendant's motion also states: "This movant must concede that acting in his behalf, counsel for defense entered into an agreement with the trial court said agreement being that no appeal would be taken." However, defendant says this was done because of the above-mentioned statement but he makes no claim that he then made any request to the court for other counsel and the record shows his acquiescence in what was done at the time of sentence.

The trial court considered this case on its own records which showed that following the verdict at the request of counsel for defendant the sentence was deferred to the following morning. At that time defendant appeared with his counsel and was granted allocution, during which defendant apologized to the court for some statements he had previously made, saying, "I thought I was right but I just didn't hear things." Defendant also answered affirmatively the court's question, namely: "I think you will say, Mr. Johnson, that the Court gave you all the leeway possible in this trial this time, didn't I?" At the time of sentence, there were two other cases pending against defendant and the court made the following statement as to the agreement with defendant and his counsel.

"The Court: Will it be understood all the way around that there are two additional cases pending at Lamar in which the defendant is charged with rape in the same transaction down there and they are to be nolled or dismissed by the State and there will be no further prosecution and there is to be no appeal taken in this case and this is the final of all of it and that is understood all the way around—is that understood by you, Johnson? Mr. Johnson: Yes, sir.

"The Court: And they will be dismissed."

Defendant's principal contention seems to be that he was deprived of due process and equal protection of the laws through loss of his right of appeal by misconduct of his counsel. However, as stated by the U. S. Court of Appeals, Third Circuit, in United States ex rel. Darcy v. Handy, 203 F.2d 407, 426: "There is, however, as Judge Huxman pointed out in Hudspeth, Warden v. McDonald, 10 Cir., 1941, 120 F. 2d 962, 968, 'a vast difference between lacking the effective assistance of competent counsel and being denied the right to have the effective assistance of competent counsel.' It is the latter only for which the state is responsible, the former being normally the sole responsibility of the defendant who selected his counsel. And so where, as in the case now before us, a defendant in a criminal case has retained counsel of his own choice to represent him it is settled by an overwhelming weight of authority that the commission by his counsel of what may retrospectively appear to be errors of judgment in the conduct of the defense does not constitute a denial of due process chargeable to the state.

"When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so

recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel." See, also, Farrell v. Lanagan, 1 Cir., 166 F.2d 845, 847.

In this motion, defendant's complaint is not concerning the conduct of his defense but in making an agreement approved by the court, in which he was relieved of being tried on two other rape charges by accepting the decision of his counsel not to appeal from his conviction on the charge tried. In accord with the principles of the Darcy case, we do not think defendant can acquiesce in his chosen counsel's advice to obtain the benefit of dismissal of two other serious charges against him, by accepting the result of the case on which he was tried, and thereafter have any valid basis for a claim of lack of due process or equal protection of the laws.

Furthermore, under our Rule 28.07, defendant's right of appeal was not absolutely foreclosed because "for reasonable cause shown," this court could allow by special order the necessary procedural step (filing of notice of appeal) within twelve months from the date of final judgment. We take judicial notice of our own records (State v. Thompson, Mo.Sup., 324 S.W.2d 133, 137) from which it appears that defendant did (as he stated in his motion) make a timely application for such a special order. (Case No. 44981.) In that application, defendant made statements about his lawyer, similar to those he has made in this motion, and many more immaterial to the issue involved on that application about officers and others connected with the trial. We denied this application for special order on May 13, 1955. Moreover, defendant's only claim in his present motion as to any error in his trial were general statements that "the court made highly prejudicial remarks concerning the defendant-movant and furthermore, the trial court not only sanctioned, but seemed to encourage the making of these remarks by counsel for the state"; and that "the same errors were present in the second trial as existed in the first." See State v. Mischanko, Mo.Sup., 272 S.W.2d 210, 216. These general allegations, about prejudicial remarks, not even stated to be improper or untrue, do not show either misconduct on the part of defendant's counsel or grounds for vacating the judgment and sentence.

The judgment is affirmed.

All concur.