James Burl JOHNSON, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.

Civ. A. No. 20627-3.

United States District Court,
W. D. Missouri, W. D.

April 16, 1973.

See also, D.C., 381 F.Supp. 747.

James Burl Johnson, pro se.

Richard S. Paden, Asst. Atty. Gen. of Mo., Jefferson City, Mo., for respondent.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AFFIRMING FINAL JUDGMENT DENYING PETITION FOR HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

This is a petition for federal habeas corpus by a state convict in custody at the Missouri State Penitentiary. The petitioner is in custody under a judgment and sentence of the Circuit Court of Vernon County, State of Missouri, in which he was convicted of forcible rape in violation of § 559.260 RSMo (1949), V.A.M.S. Petitioner seeks an adjudication that the conviction and sentence of the court mentioned above were imposed upon him illegally in violation of his federal constitutional rights. Petitioner requests leave to proceed in *forma pauperis*. Leave to proceed in *forma pauperis* has been granted. A final judgment denying the petition herein was entered on April 4, 1973.

The petitioner states that he was originally convicted in the Circuit Court of Vernon County of forcible rape in violation of § 559.260, RSMo (1949), V.A.M.S.; that he was convicted by a jury of the above offense; that a sentence was imposed upon him in June 1953 for a period of thirty years; that he appealed from the judgment of conviction and imposition of sentence to the Supreme Court of Missouri; that the judgment of the trial court was reversed on appeal in State v. Johnson, Mo.1954, 267 S.W. 2d 642, and remanded to the trial court; that he was retried in the Circuit Court of Vernon County in which he was again convicted of forcible rape in violation of § 559.260, RSMo (1949), V.A.M.S., and of the Missouri Habitual Criminal Act, § 556.280 RSMo (1949), V.A.M.S.; that he was convicted by a jury at his second trial; that a sentence was imposed upon him on November 19, 1954, for a period of forty years; that he did not timely appeal from the judgment of conviction and imposition of sentence following his second trial; that he filed a motion under Missouri Criminal Rule 27.26, V.A. M.R., to vacate the second judgment of conviction and the sentence of forty years alleging inadequate assistance of counsel in failing to appeal his conviction and sentence of forty years, which motion was denied by the Circuit Court of Vernon County; that he sought review of the denial of his motion under Rule 27.26 under Missouri Criminal Rule 28.05 [repealed September 1, 1967]; that the Supreme Court of Missouri affirmed the denial of petitioner's motion under Rule 27.26 on June 13, 1960, in State v. Johnson, Mo.1960, 336 S.W.2d 668; that petitioner filed a successive motion under Rule 27.26 in the Circuit Court of Vernon County requesting that (1) judgment and sentence of forty years entered in 1954 be vacated and set aside; and (2) that petitioner be granted absolute discharge, or, in the alternative, that petitioner be granted a new trial; that on the second motion under Rule 27.26, the trial court ordered that the second judgment and sentence be set aside; that petitioner be allowed to file a motion for new trial challenging the second conviction and the forty year sentence, from the denial of which he could appeal; that petitioner's request for absolute discharge or for a new trial be denied; that petitioner appealed

from this latter decision of the trial court on his successive 27.26 motion to the Missouri Supreme Court; that the Supreme Court of Missouri affirmed the trial court on September 14, 1970, in Johnson v. State, Mo.1970, 458 S.W.2d 713; that petitioner moved for a rehearing or transfer to the Supreme Court of Missouri en banc; that this motion was denied on October 12, 1970; that pursuant to the judgment of the Missouri Supreme Court in Johnson v. State, Mo. 1970, 458 S.W.2d 713, petitioner filed a motion for new trial challenging the second forty year sentence imposed in May 1971; that this motion was denied by the trial court; that in May 1971, the trial court imposed a new sentence of forty years imprisonment, based on his second conviction by a jury; that on appeal petitioner's contentions, which he alleges are identical to those presented in the case at bar, were denied on the merits by the Missouri Supreme Court in State v. Johnson, Mo.1972, 485 S.W. 2d 106; that petitioner moved for a rehearing or transfer to the Supreme Court of Missouri en banc; that this motion was denied on October 9, 1972; that petitioner has filed the following petitions for federal habeas corpus in this Court which have been dismissed without prejudice for failure to exhaust state remedies, Johnson v. Steinhauser, Civil Action No. 1815, Johnson v. Swenson, Civil Action No. 1167, Johnson v. Swenson, Civil Action No. 17692–3, Johnson v. Swenson, Civil Action No. 18345, Johnson v. State of Missouri, Civil Action No. 19902–3 and Johnson v. Swenson, Civil Action No. 20253–3; that petitioner was represented by counsel at his arraignment, pleas, trials, appeals, retrial, sentencings, on his successive motion under Rule 27.26, and his 1964 federal habeas petition; and that he has exhausted the state remedies currently available to him by directly appealing his conviction to the highest court of this state, and by properly raising on that appeal the same and only legal and factual contentions which are raised in the petitioner at bar, and suffering from that court, applying current federal standards, adverse rulings on the merits of those contentions raised in this petition, and by making no new evidentiary contentions in this Court.

Petitioner's claim for relief is based upon his contention that the imposition of the second forty year sentence in May 1971 is invalid and violates petitioner's federal constitutional rights under the Double Jeopardy Clause (of the Fifth Amendment incorporated by implication in the Fourteenth Amendment to the United States Constitution); and that he is entitled to immediate release from custody because he has completed service of the thirty year "controlling sentence" imposed on June 17, 1953, following his conviction in the first trial by jury.

An order was issued by this Court requiring respondent to show cause why the petition herein for federal habeas corpus should not be granted. As part of his response, respondent filed a photocopy of the transcript of the record on direct appeal to the Missouri Supreme Court in State v. Johnson, Mo.1972, 485 S.W.2d 106. This transcript includes (1) the record of proceedings on petitioner's second trial in 1954, (2) the record of oral argument of counsel on petitioner's motion for new trial filed with the Circuit Court of Vernon County on May 13, 1971, (3) a copy of petitioner's motion for new trial, and (4) the record of proceedings on May 26, 1971, when the trial court denied petitioner's motion for new trial and again sentenced petitioner to imprisonment for a period of 40 years in accordance with the verdict of guilty returned by the second jury on November 18, 1954, expressly providing credit to petitioner "with jail and prison time he has served since his conviction in the first trial on this offense  .   .   .   on June 17, 1953."

Respondent relies upon the facts appearing in the state court records including the judgment and opinion of the Supreme Court of Missouri in State v.

Johnson, Mo.1972, 485 S.W.2d 106. Respondent argues that the doctrine of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, is not applicable under the circumstances presented in the case at bar, and that the petition herein should be denied.

In his traverse, petitioner maintains that under the doctrine of North Carolina v. Pearce, *supra,* his increased sentence of 40 years imprisonment on his second trial was unlawful under federal standards, because his first sentence imposed under the first jury verdict was for thirty years.

■ Petitioner makes no new evidentiary contentions in this case that have not previously been presented to the state courts of Missouri, including the Missouri Supreme Court. Under these circumstances, when the petitioner has properly presented precisely the same evidence and factual and legal contentions to the highest court of this state and has secured from that court, applying current federal standards, adverse rulings on the merits of those contentions, he has exhausted state remedies for the purposes of federal habeas jurisdiction. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; White v. Swenson (W.D.Mo.) 261 F.Supp. 42.

■ Because of the complete, unchallenged transcripts and records of the state courts, it is not necessary to hold a new plenary evidentiary hearing on the issues raised in this petition. A hearing "is not required when the habeas court has before it all of the data necessary for a satisfactory determination of the factual issues." United States ex rel McGrath v. LaVallee (C.A.2) 319 F.2d 308, 312; Noorlander v. United States Attorney General (C.A.8) 465 F.2d 1106, at page 1108.

The following material facts in this case are not in dispute.

On April 13, 1953, petitioner was charged under the Missouri Habitual Criminal Statute, § 556.280 RSMo (1949), V.A.M.S., in the Circuit Court of Barton County, Missouri, by information with the forcible rape at gun point of a 16 year old high school student. The forcible rapes at gun point of two other young women on the same evening were not charged in the same information. On this information a jury trial was held in the Circuit Court of Vernon County (on a change of venue). On June 17, 1953, a jury returned a verdict of guilty of the charges of forcible rape and assessed petitioner's sentence at 30 years imprisonment.

During, the course of petitioner's first trial, the state offered evidence of four prior felony convictions on the habitual criminal issue. Evidence of two of the prior felony convictions was withdrawn by the prosecution upon petitioner's objection to the sufficiency of the proof. The verdict form submitted to the jury authorized a finding that defendant had been convicted on only two of the four prior felonies charged in the information. The jury made no finding against the defendant on the habitual criminal charge.

On June 17, 1953, the trial court entered a judgment of conviction and imposition of the 30 year sentence. This judgment and sentence was reversed on petitioner's first appeal to the Missouri Supreme Court in State v. Johnson, Mo. 1954, 267 S.W.2d 642, and remanded for new trial.

At the second trial, evidence of all four of the petitioner's prior convictions was successfully introduced in evidence, and the jury was authorized under the verdict form to find that petitioner had been convicted of the four prior felonies. The jury, on November 18, 1954, found the petitioner guilty of forcible rape, found that petitioner had been convicted of the four prior felonies and fixed punishment at 40 years imprisonment.

Petitioner alleged 12 separate points of error in his most recent appeal to the Supreme Court of Missouri in State v.

Johnson, Mo.1972, 485 S.W.2d 106. The only ground for relief urged in the case at bar, however, is that, under North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656, his federal constitutional rights have been violated because he received a 40 year sentence on his second trial after a successful appeal and reversal of the 30 year sentence imposed after his first trial.

In North Carolina v. Pearce, *supra,* 395 U.S. at 725, 89 S.Ct. at 2080, 23 L. Ed.2d at page 669 and 670, the Supreme Court of the United States explicitly stated the reasons for its holding that a sentencing *judge* may not impose a more severe sentence upon a defendant after a new trial without affirmatively stating his reasons for doing so:

> "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing *judge.*
>
> "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis added.)

The Supreme Court of Missouri found that the doctrine of North Carolina v. Pearce, *supra,* is not applicable to the case at bar because it was the jury, with presumably no knowledge of the prior conviction and 30 year sentence, and not the trial judge who imposed the enhanced 40 year sentence. It concluded that in *Pearce,* the Supreme Court was concerned with eliminating the possible vindictive retaliatory motivation of a judge as a threat to a defendant who must choose whether to appeal or seek postconviction relief. However, "neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence." 395 U.S. at page 723, 89 S.Ct. at page 2079, 23 L.Ed.2d at page 668.

In this case the 40 year sentence is not invalid under federal standards for two reasons, namely (1) the reasoning of North Carolina v. Pearce does not apply when two separate juries independently impose the disparate punishment and (2) the evidence in the second trial clearly warrants the enhanced punishment.

It is concluded that the "prophylactic rule" of *Pearce* is not applicable under the facts and circumstances of the case at bar. The circumstances in this case are more comparable to those in Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584, than to the facts in Pearce v. North Carolina, *supra.* In *Colten,* the defendant argued that under Kentucky's two-tier criminal court system, which provides for a trial *de novo* in a court of general jurisdiction after a conviction in an "inferior court", his harsher sentence imposed after trial *de novo* in the court of general jurisdiction was prohibited under the *Pearce* doctrine. In rejecting this argument, the Supreme Court of the United States reasoned as follows:

> "We note first the obvious: that the court which conducted Colten's trial and imposed the final sentence was

not the court with whose work Colten was sufficiently dissatisfied to seek a different result on appeal; and it is not the court that is asked to do over what it thought it had already done correctly. Nor is the de novo court even asked to find error in another court's work. Rather, the Kentucky court in which Colten had the unrestricted right to have a new trial was merely asked to accord the same trial, under the same rules and procedures, available to defendants whose cases are begun in that court in the first instance."

Similarly, on a retrial the same jury does not sit twice in judgment of the same defendant for the same crime. "It is not . . . asked to do over what it thought it had already done correctly." Further, the second jury is unaware of the sentence in the first trial. Therefore, the dangers of judicial vindictiveness on retrial are not present under the facts in the case at bar to warrant the application of the *Pearce* doctrine.

In deciding the identical question presented, the court in Chaffin v. Stynchcombe (C.A.5) 455 F.2d 640, at page 643, stated:

"As the district court recognized it is possible to conceive of circumstances where a jury might wish to impose a harsher sentence upon retrial motivated by the type of vindictiveness denounced in *Pearce*. But a jury will normally be unaware of the prior trial, much less the sentence. Under the facts and circumstances presented in this case the likelihood of vindictiveness is so remote that we feel the burden must be upon the defendant to show that the jury acted out of vindictiveness in imposing an increased sentence."

Certiorari to review the *Chaffin* case is pending. 409 U.S. 912, 93 S.Ct. 243, 34 L.Ed.2d 172.

No vindictive motive on the part of the jury has been shown by petitioner in this case and none is apparent from the record.

It must be assumed, however, that the principles of *Pearce* are applicable to punishments imposed by juries,[1] and that the rule of Pearce v. North Carolina is applicable to successive jury verdicts, and that the second jury was aware of petitioner's first conviction and 30 year sentence. There was sufficient difference in the evidence at the first and second trials to explain the enhanced punishment imposed. This evidence was the proof at the second trial on the habitual criminal issue of two additional (or a total of four) prior felony convictions. This additional proof satisfies the rule. North Carolina v. Pearce, *supra*; Moon v. Maryland, 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262; Odom v. United States, 400 U.S. 23, 91 S.Ct. 112, 27 L.Ed.2d 122.

It is therefore concluded that under the facts of this case, in the application of current federal standards, the petition herein for federal habeas corpus is without merit.

It is therefore

Ordered and adjudged that the petition herein for federal habeas corpus be, and it is hereby, denied, and that the final judgment entered herein on April 4, 1973, be, and it is hereby, affirmed.

---

1. Cf. Levine v. Peyton (C.A.4) 444 F.2d 525; Terry v. Superintendent of Field Unit #9 (C.A.4) 454 F.2d 591; Pendergrass v. Neil (C.A.6) 456 F.2d 469; Bruce v. Wingo (C.A.6) 457 F.2d 365.