**STATE of Missouri, Respondent,**

v.

**Robert Joseph ADAMS, Appellant.**

**No. 48805.**

Supreme Court of Missouri,

Division No. 2.

March 12, 1962.

Stephen N. Limbaugh, Limbaugh & Limbaugh, Cape Girardeau, for appellant.

Thomas F. Eagleton, Atty. Gen., Carl R. Gaertner, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

EAGER, Presiding Judge.

Defendant was convicted by a jury of first degree murder and sentenced to imprisonment for his natural life. The deceased was defendant's wife; the sole defense was insanity. The killing was perpetrated on March 29, 1960, in a particularly gruesome manner, the deceased being stabbed and cut 40 to 45 times with a pair of scissors. She died from massive hemorrhage into the lungs. Defendant was 24 years of age at the time, and his wife was not quite 23. There is no necessity for any

detailed recital of the evidence. Various lay witnesses and a physician long in general practice in the locality, who had examined the defendant, testified that he was sane. Two highly qualified psychiatrists, who had also examined him, testified that he was insane within the accepted legal definition. These witnesses outlined their observations, their reasoning and their conclusions in much detail. Several lay persons testified to certain changes and supposed peculiarities in defendant's actions and conversations during the last few weeks before this tragedy. There was also evidence of defendant's conduct immediately following the slaying which was strongly relied upon as indicating insanity. A clear cut issue on the question of insanity was presented to the jury, which, by its verdict, found that the defendant was sane.

██ Three points are presented in the brief of appellant here. These are: (1) error in State's Instruction No. 11; (2) error in failing to discharge the jury because of prejudicial argument by the prosecuting attorney; and (3) error in refusing to admit evidence of comments made by the deceased shortly prior to her death concerning defendant's actions and statements. The last point has not been preserved for review. The only assignment in the motion for new trial dealing with the evidence was: "The court erred in refusing to admit evidence offered by the defendant." This assignment is so general as to be wholly insufficient under Rule 27.20, V.A.M.R. State v. Thomas, Mo., 309 S.W.2d 607, 610; State v. Turner, Mo., 320 S.W.2d 579, 586, and cases there cited. The other two points have been fully and adequately preserved in the motion.

██ Instruction No. 11 was as follows: "You are instructed that the law presumes every person who has reached the years of discretion to be of sound mind, and this presumption continues until the contrary is shown. So that when, as in this case, insanity is pleaded as a defense

to a criminal charge, the fact of the existence of such insanity at the time of the commission of the act complained of must;. before you can acquit on that ground, be established by the evidence to your reasonable satisfaction."

The State had also offered and the court gave Instruction No. 7 defining insanity as follows: "The Court instructs the jury that insanity is a disease located in the brain which so perverts and deranges one or more of the mental or moral faculties as to render the person suffering from this affliction incapable of distinguishing right from wrong in reference to the particular act charged, and incapable of understanding at the time that the act in question was a violation of the laws of God and society."

Appellant complains of the requirement in Instruction No. 11 that insanity "must, before you can acquit on that ground, be established by the evidence to your reasonable satisfaction," citing, State v. Swinburne, Banc, Mo., 324 S.W.2d 746; State v. Johnson, Mo., 267 S.W.2d 642, 44 A.L.R. 2d 973, certiorari denied 351 U.S. 957, 76 S.Ct. 858, 100 L.Ed. 1479, certiorari denied 357 U.S. 922, 78 S.Ct. 1364, 2 L.Ed.2d 1366; State v. Barton, Banc, Mo., 236 S.W.2d 596; State v. Barton, Banc, 363 Mo. 991, 255 S.W.2d 752. In the first Barton case, supra, the court said, in part, 236 S.W.2d loc. cit. 600: "We are convinced that the measure of proof required for an insanity defense in a criminal case is the preponderance or greater weight of the evidence; and that the sole requirement of the jury's satisfaction or reasonable satisfaction imposes. upon him a higher degree of proof than that of the preponderance or greater weight of the evidence. * * * It is our view that instructions defining the quantum of proof necessary to support such defense should omit all references 'to the jury's satisfaction' or 'reasonable satisfaction.' We realize that the propriety of coupling these terms with 'the preponderance or greater weight of the evidence' is not for determination in this case, but believe that this .

expression of opinion may be helpful to trial judges and members of the bar." Some possibility of confusion resulted because there five of the judges concurred in the result only, believing that the degree of proof required of the defendant should be even less restrictive and that he should only be required to create a "reasonable doubt" of his sanity; those judges recognized, however, that such a rule could not be adopted under existing statutes. However, the principal opinion in that case (from which we have quoted, supra) has ever since been recognized as the law of Missouri. In the second Barton case, the court in banc said, 255 S.W.2d loc. cit. 755: "It is clear from the principal opinion in the case of State v. Barton, supra, and from the opinion expressing a concurrence in the result reached in the principal opinion, that under the existing law of this state the burden of proving the defense of insanity by a preponderance of the evidence rests upon the defendant." In State v. Swinburne, supra, the phrase attacked was: " * * * if you are reasonably satisfied by the greater weight or preponderance of the evidence." The court held this erroneous, construed the first Barton case as condemning the phrases "satisfied," "reasonably satisfied," and "reasonable satisfaction," and independently condemned them when applied to an affirmative defense. The court there reaffirmed the view that a requirement of "satisfaction" or "reasonable satisfaction" denotes "a degree of proof substantially greater than a preponderance of the evidence * * *." (324 S.W.2d loc. cit. 749.) The phrase "reasonably satisfied" was held erroneous there, even though used in connection with the "greater weight or preponderance of the evidence," in that it increased "the legal burden resting on defendant to prove insanity by the preponderance of the evidence." See also State v. Eaves, 362 Mo. 670, 243 S.W.2d 129; State v. Johnson, Mo., 267 S.W.2d 642, 44 A.L.R.2d 973.

The State argues here that Instruction No. 11 was merely a cautionary instruction, that it was not a burden of proof instruction and that the jury was fully instructed on the burden of proof in other instructions; also, that the phrases condemned in other cases appeared in burden of proof instructions. It concedes that such a phrase would be erroneous "when used in a burden of proof instruction * * *." As a matter of fact the instructions in both Barton cases and in the Swinburne case were instructions dealing generally with the whole question of insanity but including also the element of the burden of proof. The instruction in Johnson was not quoted, but it is immaterial. The instruction held erroneous in State v. Eaves, 362 Mo. 670, 243 S.W.2d 129, included a phrase placing the burden of proving insanity on the defendant. It makes no essential difference what label one gives to an instruction; while Instruction No. 11 here was not, in itself, a complete burden of proof instruction, it specifically required that insanity *be established* by the evidence *to your reasonable satisfaction.* By *whom* was it to be established? Beyond all question of doubt, Instruction No. 8 placed the burden of establishing it directly upon the defendant. Consequently, the *establishing* of insanity and the burden of proof thereon were so directly related as to be inseparable.

Instructions numbered 6 and 8, combined (offered by defendant and given by the court) specifically hypothesized the legal requirements for a finding of insanity, and told the jury to acquit if it found such facts. Except for formal differences these instructions constituted a complete copy of the insanity instruction approved in State v. Barton, Banc, 363 Mo. 991, 255 S.W.2d 752, 754, omitting the last short paragraph there which, in our case, was supplied elsewhere. Instruction No. 8 included the following language: "As the law presumes the defendant innocent the burden of proving him guilty rests with

the State and before you should convict him his guilt must be established to a moral certainty and beyond a reasonable doubt. On the other hand, to entitle the defendant to a verdict of not guilty solely by reason of his insanity, the law requires him to prove it not however beyond a reasonable doubt but only by the preponderance or greater weight of the evidence." Thus, while Instruction No. 8 contained a proper definition of defendant's burden of proof, a necessary and obvious conflict arose between it and Instruction No. 11, for we have specifically held that it requires a greater degree of proof than a preponderance of the evidence to establish a fact to the jury's "reasonable satisfaction." It is true that we consider all the instructions together. But where one contains an erroneous standard which constitutes an affirmative misdirection, it is not cured by another instruction setting out the proper standard. Here there was a clear tendency to confuse the jury on the sole material issue in the case, and we may not say with any confidence that the error was not prejudicial. What we said in Swinburne, supra (324 S.W.2d loc. cit. 749–750) is applicable here. "If we were permitted to speculate upon what effect this instruction may actually have had on the jury, our conclusion might be different. In the light of this gruesome record it may have played no part. But we cannot so speculate; we may not say that this instruction did not confuse and mislead. It was erroneous as given, and we hold it to be prejudicial." We have definitely condemned insanity instructions in criminal cases containing such phrases as this since 1951. We trust that this reversal will constitute notice to the bench and bar that this rule will be adhered to, and that all such references should be avoided.

We merely mention the second point made, in view of another trial. We deem the argument complained of improper; it is not necessary under the circumstances to determine whether it constituted prejudicial error. It should not be repeated at another trial.

The judgment is reversed and the cause remanded for a new trial.

All of the Judges concur.