Kathryn BELL, Appellant,

v.

Norman Lee PEDIGO, Respondent.

No. 49080.

Supreme Court of Missouri,

Division No. 1.

Jan. 14, 1963.

Motion for Rehearing or to Transfer to Court En Banc Denied Feb. 11, 1963.

**614**

Lusser & Morris, Rene J. Lusser, Rene E. Lusser, St. Louis, George Q. Dawes, Republic, of counsel, for appellant.

Dearing, Richeson & Weier, Will B. Dearing, Hillsboro, for respondent.

COIL, Commissioner.

Kathryn Bell, appellant here, brought an action to recover $25,000 as damages for the alleged wrongful death of her 6-year-old son Larry. The jury found for the respondent and Mrs. Bell has appealed from the ensuing judgment. She contends the trial court erred in giving instructions. Respondent contends the attacked instructions were correct and that, in any event, appellant failed to make a submissible case. Hereinafter we shall refer to the parties as they were designated in the trial court.

We state the pertinent evidence from a standpoint favorable to plaintiff. Larry, plaintiff's son, died from injuries he sustained when struck by a truck driven by the defendant on July 28, 1959. Larry, his brother, and three of their cousins were visiting their grandmother who lived on north-south Highway 21 near Belleview, Missouri. A short distance south of her house was an east-west creek spanned by a bridge 43 feet long. The roadway on the bridge was 18 feet wide. Between each bridge railing and the edge of the roadway was a curb rising about eight inches above the roadway's surface.

The five children went to the creek. Three of the boys went to the creek bed. Larry and his cousin Elaine, aged 10, stood on the curb at the east railing of the bridge about midway from north to south. They stood side by side facing east, Larry on the north and Elaine on the south. Elaine heard an approaching vehicle, looked to the south and saw a northbound truck coming toward the bridge. When she looked to the south Larry was at her side. She looked back to the north to see that Larry was still there but he had gone. She started to look around for him, saw the truck flash by, and later saw Larry lying on the east shoulder off the north end of the bridge. No horn was sounded and she heard no sound from the application of brakes. A witness estimated the distance from the place where Elaine saw the truck when she looked to the south as 125 feet south of the south end of the bridge.

Larry was struck by the right front headlight and fender of the defendant's truck at someplace in the northwest quadrant of the road on the bridge. The only skid or tire marks were on the bridge about six feet in length and half on and half off to the north, angling to the west. Larry's body

came to rest at a place 25 to 50 feet north of the north end of the bridge on the east shoulder.

The accident occurred at 7 p. m. It was daylight and visibility was good. The inference is that the road was dry.

A witness who was proceeding south on Highway 21 and who had stopped his automobile 50 to 100 feet north of the bridge in order not to meet defendant's truck on the bridge, saw Larry move from the bridge railing to the center of the roadway, then north, and then about three feet back to the east (in sort of a semicircle). That witness's testimony was subject to the interpretation that the boy had, in the semicircle described, traveled a distance of nine feet west, an undetermined distance north, and three feet east from the time he left the east bridge railing until he was struck. As defendant approached the bridge his truck was traveling 25 miles per hour; his truck, its brakes, tires, and horn were in good condition; and he could have stopped at that speed under the conditions there in 15 or 20 feet.

Plaintiff submitted her case on humanitarian negligence, hypothesizing that defendant, in the highest degree of care, could have avoided the accident by stopping, slackening, swerving, or warning.

■ Defendant, in contending that no submissible case was made, as we understand, contends that there was no humanitarian case on any theory because, he says, only by resorting to speculation and conjecture could the jury have found that after plaintiff's decedent was in imminent peril, defendant, in the exercise of the highest degree of care could have avoided striking Larry. The sole basis for defendant's argument, according to his brief, is that inasmuch as plaintiff's witness Elaine fixed the place where she first saw the truck, and another witness estimated that that place was located about 125 feet south of the south end of the bridge and thus about 149 feet from the collision point, and that by taking into account the time consumed by

Larry in traveling the distance he traversed from the time he left the curb until he was struck, the truck would have gone only 45 feet and thus the accident could not have happened under plaintiff's evidentiary theory. We cannot agree. Apparently defendant has failed to take into account the fact that in determining whether there was evidence to support the hypothesis that after plaintiff's decedent came into a position of imminent peril, defendant, in the exercise of the highest degree of care, could have, by either of the stated acts, avoided striking Larry, we review the evidence from a standpoint favorable to plaintiff and give her the benefit of any part of defendant's evidence favorable to her which is not contradicted by her own testimony or contrary to her fundamental theory, and that we also give plaintiff the benefit of all reasonable inferences from all of the evidence and disregard all of defendant's unfavorable evidence. Smithers v. Barker, 341 Mo. 1017, 111 S.W. 2d 47, 50[1, 2].

So viewing the evidence, it appears that a jury reasonably could have found that from the time Larry left the east bridge railing until he was struck he traveled a distance of at least 15 feet. He traveled nine feet to the center of the highway, an undetermined number of feet north, and three feet to the east. The inference that he traveled at least three feet north is a most reasonable one and a conservative estimate of that distance from all the evidence. There was no direct evidence as to the speed at which Larry ran, but it has been said that it is a matter of common knowledge that a jury could have found that he moved at a speed of five to six miles per hour. Bunch v. Mueller, 365 Mo. 494, 284 S.W.2d 440, 445[9].

■ If Larry traveled 15 feet at a speed of five miles per hour, he used two seconds from the time he left the east railing of the bridge until the time he was struck. There was a collision, so that plaintiff is entitled to the conclusion that when Larry left the east railing the truck was at least two seconds away from the point of collision.

(It may well have been three seconds away because probably a second was consumed in Elaine's looking to the south and back to the north. But for present purposes we shall assume, favorably to defendant, that the truck was only two seconds away.) The truck traveled at a speed of 25 m. p. h. to the point of collision and thus, when two seconds away, was 73 feet away. Defendant testified that he could have stopped in 15 to 20 feet. Assuming, again favorably to the defendant, that the distance so stated did not include reaction time, which we shall assume was three fourths of a second, or an additional 28 feet, defendant could have stopped in 48 feet. Thus the jury reasonably could have found that defendant could have stopped and thus and thereby have avoided the accident.

It follows, under the facts in evidence, that inasmuch as defendant could have stopped, a jury reasonably could have found also that defendant could have avoided striking Larry by slackening or swerving.

■ Plaintiff was not bound by her witness's estimate of the distance the truck was from the point of collision at the time Elaine first saw it, where, as here, the estimate was not inconsistent with plaintiff's theory of the case. Lay v. McGrane, Mo., 331 S.W.2d 592, 596[3–5]. (As a matter of fact, as noted, even under the assumptions we have made as to speed and distances, etc., it could well be found that the truck was 107 feet away instead of 73 feet at the time Larry left the east railing of the bridge.) The jury was entitled to believe all or none of the testimony of any witness or to accept it in part and reject it in part. Kickham v. Carter, Mo., 314 S.W.2d 902, 905[1].

Plaintiff contends the trial court erred in giving this instruction D–6 at the request of defendant: "The charge laid by Plaintiff against the Defendant is one of negligence. You cannot presume that the Defendant in this case was negligent. In other words, Plaintiff may recover on said charge against Defendant of negligence only if such charge is sustained by the preponderance, that is, the greater weight, of the credible evidence, to the reasonable satisfaction of the Jury that the charge is true as laid, and it does not devolve upon the Defendant to disprove the charge but rather the law casts the burden of proof in respect of it upon the Plaintiff, and such charge of negligence must be sustained by the preponderance, that is, the greater weight, of the credible evidence, to the satisfaction of the Jury as above stated."

■ Plaintiff argues that by reason of its requirements that plaintiff must have sustained his "charge" of negligence against defendant by the greater weight of the credible evidence to the reasonable satisfaction of the jury and in another place by the greater weight of the credible evidence to the satisfaction of the jury, the instruction placed a greater burden of proof upon plaintiff than she properly had, viz., to prove her case by a preponderance of the evidence. Thus, once again, we have for consideration these "satisfaction" phrases which have long and often been criticized and condemned, but which, amazingly, continue to be used in burden of proof instructions. This court said as long ago as 1935 in Rouchene v. Gamble Construction Co., 338 Mo. 123, 89 S.W.2d 58, 63[12], that a proper burden of proof instruction should consist of a statement as to which party had the burden, accompanied by a "clear definition of preponderance of evidence, informing the jury that what is meant thereby is evidence which is more convincing to them * * * than that which is offered in opposition thereto."

Since that time many cases have considered the phrases in question where one or the other has been used and, in some instances, where both phrases have been used in the same instruction as in the present case. In Seago v. New York Cent. R. Co. (1942), 349 Mo. 1249, 164 S.W.2d 336, 340, 341, 147 A.L.R. 372, this court pointed out that a burden of proof instruction which required plaintiff to prove "to your satisfaction by a preponderance or greater

weight of the testimony" denoted a greater degree of proof than a requirement that plaintiff prove his case by a preponderance or greater weight of the evidence. The court there suggested that inasmuch as that case was being reversed and remanded for error in another instruction, it would not decide whether the burden of proof instruction constituted reversible error, but that what the court had said about it should be "a sufficient warning to the bar and trial courts to observe the admonition in the Rouchene case, supra, as to burden of proof instructions."

In Johnson v. Dawidoff (1944), 352 Mo. 343, 177 S.W.2d 467, 472[8], the phrase "to the reasonable satisfaction of the jury" in the burden of proof instruction was criticized as casting a greater burden on plaintiff than required by law. And in Padgett v. Missouri Motor Distributing Corp., Mo. (1944), 177 S.W.2d 490, 492, the court again criticized an instruction like the present one in so far as the use of both the phrases "to the reasonable satisfaction" and "to the satisfaction of the jury" is concerned, and upheld the trial court's action in granting a new trial for error in giving the instruction for the use of those phrases, along with other objectionable language used therein. The next year this court again criticized a burden of proof instruction using the phrase, to the reasonable satisfaction of the jury, in Stumpf v. Panhandle Eastern Pipeline Co. (1945), 354 Mo. 208, 189 S.W.2d 223, 229 [13, 14].

In 1949, however, in the case of Pulse v. Jones, Mo., 218 S.W.2d 553, 556, 557[6], this court held that a burden of proof instruction containing the words "to the reasonable satisfaction of the jury" correctly stated the "yardstick as to burden of proof in a civil cause." At the same time, the court observed that if the word "reasonable" were omitted, the instruction would thereby be reversibly erroneous. Also in 1949, subsequent to the Pulse case, supra, this court in Rasp v. Baumbach, Mo., 223 S.W.2d 472, held that an instruction which used both the phrases "to the reasonable satisfaction of the jury" and "to the satisfaction of the jury" came within the rule of the Pulse case and that "to the reasonable satisfaction of the jury" did not improperly increase the burden, but that the omission of the word "reasonable" was improper. The court held, however, that based upon the entire submission, particularly in view of the fact that an instruction had been given in that case which told the jury that if it found the facts as submitted in plaintiff's verdict-directing instruction, then plaintiff had met and carried the burden of proof required under the law and the other instructions, that the burden of proof instruction, even though erroneously containing the expression "to the satisfaction of the jury" was not reversibly erroneous. Again in 1949, in Randolph v. Supreme Liberty Life Ins. Co., 359 Mo. 251, 221 S.W.2d 155, 157[4–6], the court en banc held that it was not error for the trial court to refuse to give a burden of proof instruction because "the instruction contained the often criticised clause requiring proof 'to the satisfaction of the jury.'" 221 S.W.2d 158.

Thereafter, in 1952, in Pulley v. Scott, 362 Mo. 1217, 247 S.W.2d 767, 769[2], this court said the giving of an instruction which required the jury to find that plaintiff had to sustain his burden of proof by the greater weight of the credible evidence to the reasonable satisfaction of the jury was a sufficient reason for the trial court to grant a new trial.

In 1953 in Machens v. Machens, Mo., 263 S.W.2d 724, 731, 732, this court held that a burden of proof instruction in a will contest case which used the expressions "by a preponderance of the evidence and to your satisfaction" and "to your satisfaction by a preponderance of the evidence" was erroneous under the rule announced in Pulse v. Jones, supra, but that examining the entire submission the instruction in that case did not constitute reversible error, particularly in view of the fact that another instruction correctly stated the

burden of proof to be by a preponderance of the evidence.

In Hustad v. Cooney, Mo. (1958), 308 S.W.2d 647, 650, 651, the court held that a burden of proof instruction employing the phrase "to your reasonable satisfaction" was not in the circumstances of that case "so prejudicially erroneous as to demand the granting of a new trial."

In 1958 in Ilgenfritz v. Quinn, Mo., 318 S.W.2d 186, this court affirmed the order of the trial court granting a new trial because it had erred in giving a burden of proof instruction containing the direction that the charge of negligence had to be sustained by "the preponderance, that is, the greater weight of the credible evidence to the satisfaction of the jury * * *." One of the judges, concurring in result, pointed out that a burden of proof instruction in a civil case which requires plaintiff to prove his case to the satisfaction of the jury *or to the reasonable satisfaction of the jury* places a greater burden on a plaintiff than the law requires and that instructions containing either phrase are prejudicially erroneous irrespective of the trial court's ruling on a motion for new trial.

In Highfill v. Brown, Mo., 320 S.W.2d 493, 497, in January 1959, this division ruled (perhaps what was said on the subject is obiter dictum), one judge concurring in result, that a burden of proof instruction which contains either phrase "to the satisfaction" or "to the reasonable satisfaction" of the jury should not be given.

In March 1959, in Alberty v. Sunshine Biscuit Co., Mo., 321 S.W.2d 418, 420, 421, this court held that a burden of proof instruction which contained the identical phrases used in the present case, i. e., "to the reasonable satisfaction of the jury" and "to the satisfaction of the jury, as above stated," was erroneous for several reasons, among them being that "to the satisfaction of the jury" placed a greater burden on the plaintiff than the law required, and reversed and remanded the case because all of the errors in the instruction had not been cured by other instructions.

Two months later, in May 1959, the court en banc in a 5–2 decision, in State v. Swinburne, Mo., 324 S.W.2d 746, 749, held unequivocally that the requirement of "satisfaction" or "reasonable satisfaction" denotes "a degree of proof substantially greater than a preponderance of the evidence; * * *." It is true that Swinburne was a criminal case and that the holding was that an instruction using the phrase "if you are reasonably satisfied by the greater weight or a preponderance of the evidence" was erroneous as increasing the legal burden resting on defendant to prove insanity by a preponderance of the evidence. The fact remains, however, that the unqualified conclusion that the requirement of "satisfaction" or "reasonable satisfaction" denotes a substantially greater degree of proof than does the requirement that a thing be proved by a preponderance of the evidence, is a statement of a principle of law equally applicable to civil and criminal cases. It is applicable in any case and as to any party in any case where the burden required by law is to prove a case or a defense by a preponderance of the evidence.

In March 1962 Division 2 in State v. Adams, Mo., 355 S.W.2d 21, followed the holding in State v. Swinburne, supra, that the phrases "satisfaction" and "reasonable satisfaction" substantially increase the legal burden of proof when that burden is to prove by a preponderance of the evidence.

The foregoing review of cases is not and is not meant to be complete in the sense that it discusses each case which has dealt with the question here present. The foregoing is sufficient, however, to indicate that the questions involved are not new. We should also point out that all the cases reviewed, save the one last cited, viz., State v. Adams, supra, were published in the Southwestern Reporter prior to the time the present case was tried on May 10, 1961.

Despite the many warnings concerning the frequent condemnations of burden of

proof instructions containing either or both phrases "to the satisfaction" or "to the reasonable satisfaction," the fact remains that it is probable that the law at the time this case was tried, in so far as it concerned a burden of proof instruction in a civil case, was that the inclusion of the phrase "to the reasonable satisfaction of the jury" was not erroneous but that using the phrase "to the satisfaction of the jury" was erroneous, and reversibly erroneous unless it could be said that some other instruction or some other circumstance cured the error. We say it was probable that such was the law; we probably should say that such was the rule in so far as parties litigant should be charged with knowledge in preparing instructions on burden of proof in civil cases. The truth of the matter is that the law or rule has been as declared by the court en banc in State v. Swinburne, supra, ever since the date of that opinion. Be that as it may, however, we should not feel justified, as of now, in reversing a case because of a burden of proof instruction which contained only the phrase "to the reasonable satisfaction of the jury." We do believe, however, that, as of now, we should reverse and remand a case wherein there was a burden of proof instruction which contained the expression "to the satisfaction of the jury" unless that erroneous direction was somehow cured.

We have heretofore set forth the burden of proof instruction in the present case and it will be recalled that it contains this language: "* * * only if such charge is sustained by the preponderance, that is, the greater weight, of the credible evidence, to the reasonable satisfaction of the Jury that the charge is true as laid, and it does not devolve upon the Defendant to disprove the charge but rather the law casts the burden of proof in respect of it upon the Plaintiff, and such charge of negligence must be sustained by the preponderance, that is, the greater weight of the credible evidence, to the satisfaction of the Jury as above stated."

Defendant contends that the last phrase of the instruction, "to the satisfaction of the Jury as above stated," can only mean "to the reasonable satisfaction of the jury" because that was what was stated above and, consequently, the instruction should be read as though it had in both places stated, "to the reasonable satisfaction of the jury." While we agree that such a construction is a possible one, we are of the view that it is no more reasonable or likely than other possible constructions of the language used. The whole phrase which was "above stated" was "to the reasonable satisfaction of the Jury that the charge is true as laid." It may well be that a jury would believe that the reference, "as above stated," was to the part omitted from the phrase stated above, i. e., "that the charge is true as laid," and that it was to obviate the repetition of those words that the three words "as above stated" were used. Just as reasonable also, it seems to us, is another possible construction. If the words "to the satisfaction of the Jury as above stated" referred to the words "the reasonable satisfaction of the Jury," the jury may well have understood that under the instruction there was no difference in the legal effect and meaning of the expressions "reasonable satisfaction" and "satisfaction," and that, consequently, the jury was required to find that plaintiff had sustained the "charge" by the preponderance, that is, the greater weight, of the credible evidence to their satisfaction.

■ There was no other instruction given in this case which under any theory could have affected the direction as to burden of proof or which could have in any way clarified the meaning of instruction D–6. The case does not come within the rule of Machens v. Machens, supra.

We are of the view, therefore, that instruction D–6 is reversibly erroneous under the presently applicable rule as heretofore enunciated in Pulse v. Jones, supra, and in subsequent cases.

We are of the further opinion that the rule declared by the court en banc in State

v. Swinburne, supra, to the effect that a burden of proof instruction which requires that one prove his case (or his defense) by a preponderance, that is, the greater weight of the credible evidence, either to the satisfaction, or to the reasonable satisfaction, of the jury requires a degree of proof substantially greater than a burden of proof instruction which requires a plaintiff to prove his case or a defendant to prove a defense by the preponderance, that is, the greater weight of the credible evidence, is obviously applicable in any case in which the legal burden of proof is by a preponderance of the evidence. And there is no doubt that this court is committed to the view that a burden of proof instruction which requires a substantially greater burden of proof than the law requires is erroneous.

 Upon reconsideration, it seems unlikely that an instruction requiring the proper burden of proof given in the same case in which an instruction requiring a greater and therefore wrong burden of proof was also given, could cure the erroneous instruction unless it completely negatived it and said in so many words that the jury should completely disregard it. At best, the instructions would be conflicting and, together, confusing. No one with confidence could say which instruction was followed. Once it is recognized, as the court en banc has held in State v. Swinburne, supra, that the "satisfaction phrases," whether or not qualified by "reasonable," require a substantially greater burden of proof than the law casts upon a plaintiff or defendant in a civil case, it must follow that such an erroneous instruction cannot be cured by another instruction stating the correct rule. That is because the instruction affirmatively misdirects. Such an instruction comes under the rule that an instruction (here a verdict-directing instruction) which is incomplete may be cured by other instructions, but one which misdirects cannot be aided by other instructions or by a failure to ask for more specific instructions. Wilson v. Kansas City

Public Service Co., Mo., 291 S.W.2d 110, 117[12–16].

 We hold that from and after the date when this opinion shall have been printed in the Southwestern Reporter advance sheets, burden of proof instructions in civil cases which contain either the phrase indicating that one's burden is to prove his case or defense by the preponderance, that is, the greater weight of the credible evidence "to the satisfaction of" or "to the reasonable satisfaction of," the jury (or any combination of those phrases or words of similar meaning), will be reversibly erroneous.

The judgment is reversed and the case remanded.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.