**John David RADER, Plaintiff-Appellant,**

v.

**John Ernest TURNER and Continental Baking Company, a Corporation, Defendants-Respondents.**

**No. 50976.**

Supreme Court of Missouri,

Division No. 1.

Sept. 13, 1965.

Scott O. Wright, Herbert C. Willbrand, Brown, Wright & Willbrand, Columbia, for plaintiff-appellant.

Howard F. Major, Wade H. Ford, Jr., Columbia, for defendants-respondents.

HENRY J. WESTHUES, Special Commissioner.

This case was filed in the Circuit Court of Boone County, Missouri, wherein plaintiff John David Rader asked damages in the sum of $35,000 for personal injuries sustained when a truck of the defendant Continental Baking Company driven by defendant John Ernest Turner collided with a car in which plaintiff was riding. Upon a trial, a jury found for the defendants. A motion for new trial was filed and overruled. Plaintiff appealed to this Court.

Plaintiff has briefed two points claiming that the trial court erred. The first point is based upon alleged misconduct of defendants' counsel in making statements and comments concerning certain photographs and in exhibiting a photograph to the jury before it was admitted in evidence as an exhibit. The second point concerns an instruction on the burden of proof given by the trial court on the defendants' behalf.

The case was submitted to the jury upon humanitarian negligence.

As to many facts pertaining to the collision, there was little dispute in the evidence of the witnesses for plaintiff and the defendants. The facts not in dispute

were as follows: The collision occurred at about 6:00 a. m., on January 22, 1962, 2½ miles north of Columbia on Highway 63. Plaintiff was riding in a Mercury Comet which was being driven by plaintiff's wife south on Highway 63 toward Columbia. The defendant Turner was driving a truck loaded with bakery products north on Highway 63. The weather was cold; snow covered the ground; and the roadway was covered with ice and was very slick. It had been misting or was at the time of the collision, causing car windows to be covered with frost or ice. It was dark and lights were on on both the car and the truck. The point of impact on the roadway was about midway of an incline or hill about 1000 feet in length. Immediately prior to the collision, plaintiff was going south and upgrade while defendants' truck was proceeding north and downgrade. Plaintiff's car, while going up the hill, skidded on the slick pavement and crossed over to the left or east side of the road. The front of the car came to rest in a ditch and the rear portion was in the northbound lane. The truck struck the car near the right rear wheel. It was admitted that plaintiff sustained injuries as a result of the collision.

The dispute in the evidence was as to the distance the defendant truck driver was from plaintiff's car when he saw or should have seen and discovered that plaintiff's car was out of control and in danger of being struck by the truck.

Plaintiff testified that at the time the car went out of control the defendants' truck was at the crest of the hill; that he noticed the lights of the truck at that time. The distance to the top of the hill was about 400 feet or more. Plaintiff's wife testified that she saw the lights of the truck just before the truck reached the crest of the hill when her car went out of control. On cross-examination, she testified as follows:

"Q Will you come over here and mark on that plat where you say that truck was over there when you started to skid—will you mark over here?

"A Well I just don't know.

"Q You say it was up around the top of the hill?

"A. Yes, on the top of the hill.

"Q All right, could you say about where this truck was when you went off of this pavement here before the accident happened?

"A Well I just don't know.

"Q You don't know?

"A I don't know.

"Q You wouldn't say where it was?

"A No, I wouldn't say.

"Q You wouldn't say whether it was 50 feet, 75 or a hundred?

"A I would say it was fifty or seventy-five but I don't know.

"Q You say the truck was maybe 50 or 75 feet away when you crossed over here and went into that position over here?

"A I'd just rather tell the jury that I just don't know."

Defendant Turner testified that at the time plaintiff's car turned to the east and across the pavement it was impossible to avoid a collision.

There was evidence introduced by defendants and plaintiff that the windshield of the car in which plaintiff was riding was covered to some extent with ice and frost. The extent of coverage by the ice or frost was in dispute. Plaintiff testified that he cleaned the windshield before they left home, except that some frost was left near the edges. Plaintiff's wife, the driver, testified there was sufficient space clear on the windshield to permit her to see the roadway and up the roadway for oncoming cars. Defendants had taken pictures of the car after it had been towed to Colum-

bia. While plaintiff was on the witness stand, he was cross-examined. It was during this cross-examination that the alleged misconduct, of which plaintiff complains, began. Plaintiff was shown a photograph of the car which showed that the windshield was covered with ice except for a round space in front of the driver's seat. He was asked if that was a true picture of the car. Plaintiff answered that the windshield of his car at the time of the accident was in a much better condition than that shown in the picture. Plaintiff was asked by defendants' counsel to "Hold that up so the jury can see it." At this point, plaintiff's counsel objected, stating that no showing had been made when the picture was taken. The trial court sustained plaintiff's objection. On another occasion, when a witness for the defendants was being asked to identify exhibits, plaintiff's counsel objected because the witness did not of his own knowledge know whether the picture was a photograph of plaintiff's car showing its condition at the time of the collision. At this point, defendants' counsel stated, "Don't you want the jury to see these pictures?" After some argument between the attorneys, the court sustained plaintiff's objection. This same matter was referred to on several other occasions. Finally, at about the close of the trial, the trial court ruled on the admissibility of the exhibits in the following manner:

"MR. WRIGHT: If the Court please, I don't have any objection to the showing of the pictures here of the damage to the rear of the automobile. I do object to these pictures as showing the condition of the windshield because there is no showing that that was the condition of the windshield at the time the accident happened. I object to the introduction of the pictures. All the evidence has been that this is not representative of the way it looked out there.

"THE COURT: The objection will be sustained."

There was an unusual amount of bickering between the attorneys for the respective parties during the trial which should not have been permitted. In our opinion, the exhibits which were a number of photographs of plaintiff's car were of little value as evidence. It was agreed by all parties that the truck collided with plaintiff's car; that the windshield was partially covered with frost or ice; further, that there was a clear space sufficient to permit the driver to operate the car. Even the exhibits disclosed that fact. The argument between counsel over these exhibits was uncalled for. The trial court in overruling the motion for new trial evidently was of the opinion that plaintiff's cause was not prejudiced. We cannot say that the trial court abused its discretion. 5A C.J.S. Appeal and Error § 1611, p. 113; Hancock v. Kansas City Terminal Ry. Co., 347 Mo. 166, 146 S.W.2d 627, 1. c. 629, 630(2).

Under point two of plaintiff's brief, it is stated, "The Trial Court Erred in Giving Instruction No. C, Requested by the Defendant." Instruction C reads as follows:

"The Court instructs the jury that the charge laid by the plaintiff against the defendant John Ernest Turner is one of negligence. Recovery may not be had on a charge of negligence except when such charge is sustained by the preponderance, that is, the greater weight of the credible evidence. It does not devolve upon the defendant John Ernest Turner to disprove said charge, but rather the law casts the burden of proof in reference to said charge upon the plaintiff and said charge of negligence must be sustained by the preponderance, that is, the greater weight of the credible evidence. If, therefore, you find the evidence touching the charge of negligence against the defendant John Ernest Turner as submitted in other instructions herein does not preponderate in favor of the plaintiff or is evenly balanced, then in either event, the plaintiff is not entitled to recover and your verdict must be in favor

of the defendants John Ernest Turner and Continental Baking Company."

The above assignment of error does not state or indicate any defect in the instruction. Reading the argument in plaintiff's brief, we note that plaintiff stated therein that Instruction C "is worded in such a manner as to confuse and mislead the jury and thereby cast a greater burden of proof upon the Plaintiff than is required by the law." At another place in the argument, it is stated that the instruction would lead the jury to believe that only plaintiff's evidence should be considered in determining whether or not plaintiff has upheld his burden of proof. In support of his argument, plaintiff cited the cases of Rouchene v. Gamble Construction Company, 338 Mo. 123, 89 S.W.2d 58; Ledkins v. Missouri-Kansas-Texas Railroad Company, Mo., 316 S.W.2d 564; Chaar v. McLoon, 304 Mo. 238, 263 S.W. 174; Barr v. Missouri Pacific Railway Company, Mo., 37 S.W.2d 927; and Trower v. Missouri-Kansas-Texas R. Company, 347 Mo. 900, 149 S.W.2d 792.

We have examined the above-mentioned cases cited by plaintiff and do not find wherein they support plaintiff's contention. In the Barr and Chaar cases, an instruction was held to be erroneous for the reason that by the instruction the jury was informed that only plaintiff's evidence was to be considered in determining whether the plaintiff had sustained the burden of proof. Note that in the Barr case, 37 S.W. 2d l. c. 930(12–14), the instruction read " 'if * * * you find that the credible evidence offered on behalf of the plaintiff is equally balanced with the credible evidence offered on behalf of the defendant, * * *.' " It was this clause that was disapproved. A similar ruling was made in the Chaar case. See 263 S.W. l. c. 177(4). In the Rouchene case supra, this Court condemned a clause in an instruction on the burden of proof which read that if " 'the truth as to the charge of negligence remains in doubt in your mind.' " See 89 S.W.2d l. c. 63(11).

In the Ledkins case, 316 S.W.2d l. c. 569 (8), we stated that this Court had often admonished trial lawyers that instructions on burden of proof should be short and simple, advising a jury that a plaintiff has the burden of proving his case by a preponderance, that is, the greater weight of the credible evidence. The admonition seems to have fallen on deaf ears.

Instruction C, now before us, may be described as lengthy and a sort of argument to the jury. However, it does not contain any misstatement of law. Instructions similar to Instruction C but which contained clauses such as "to the satisfaction of the jury" have been condemned. Instruction C does not contain any such clause. The question of whether such clauses were proper was fully considered in the case of Bell v. Pedigo, Mo., 364 S.W.2d 613, where it was definitely ruled that instructions containing clauses such as "to the satisfaction of the jury" were erroneous and should not be given.

This is a case wherein the trial jury found by its verdict that the defendants were not guilty of humanitarian negligence. There being no prejudicial error in the record, the judgment should be and it is hereby affirmed.

PER CURIAM.

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

HYDE, P. J., and HOLMAN and HENLEY, JJ., concur.

DONNELLY, J., not participating because not a member of the Court when the cause was submitted.